UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

KENDRA WILLIAMS,

    Plaintiff,

v.   Case No. 3:21-cv-723-TJC-MCR

CIRCLE K STORES, INC., a
Foreign Profit Corporation and
BRANDY MARX, an individual,

    Defendants.

## O R D E R

    Even in the absence of a challenge, the Court has a duty to independently evaluate subject matter jurisdiction. Arbaugh v. Y&H Corp., 546 U.S. 500, 501 (2006). Although Defendant's Notice of Removal (Doc. 1) asserts diversity jurisdiction as the basis for filing suit in this Court, it fails to show by a preponderance of the evidence that the amount in controversy is satisfied.[1]

    The extent of Defendant's evidence includes (1) conclusory allegations of Plaintiff's future and permanent injuries, (2) medical expenses totaling $11,065.00, and (3) a $300,000.00 demand letter from Plaintiff. (Doc. 1 ¶ 11). While incurred medical expenses are strong evidence of the amount in

---

[1] Defendant alleges that complete diversity of citizenship exists because "Brandy Marx" was fraudulently joined. (Doc. 1 ¶¶ 5–8). The Court need not reach this issue given its decision regarding the amount in controversy.

controversy, see, e.g., S. Fla. Wellness, Inc. v. Allstate Ins. Co., 745 F.3d 1312, 1317 (11th Cir. 2014), "[t]he evidentiary value of a settlement offer in establishing the amount in controversy depends on the circumstances of the offer," Lutins v. State Farm Mut. Auto. Ins. Co., No. 3:10-CV-817-J-99MCR, 2010 WL 6790537, at *2 (M.D. Fla. Nov. 4, 2010). A settlement offer with detailed information supporting a plaintiff's claim for damages should be given more weight than a settlement offer that is mere puffery and posturing. Id. Here, there is no evidence that the demand letter included detailed information regarding the nature of Plaintiff's injuries or expenses. On this limited record, the Court declines to assume that Plaintiff's demand letter amounts to more than mere puffery and posturing and that the amount in controversy is met without further evidence. See Friedman v. N.Y. Life Ins. Co., 410 F.3d 1350, 1353 (11th Cir. 2005).

Accordingly, it is hereby

**ORDERED:**

1. The case is **REMANDED** to the Circuit Court of the Seventh Judicial Circuit, in and for Flagler County, Florida.

2. After remand has been effected, the Clerk shall terminate any pending deadlines and close the file.

**DONE AND ORDERED** in Jacksonville, Florida the 3rd day of September, 2021.



TIMOTHY J. CORRIGAN
United States District Judge

ckm
Copies:

Clerk, Seventh Judicial Circuit, Flagler County
Counsel of record